IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CHARLES P. HARRIS                                                                    PLAINTIFF

        v.                              Civil No. 6:08-cv-06052

ROY BETHELL, Criminal Investigator,
Arkadelphia Police Department;
HARLEY HILLARY, Sergeant,
Arkadelphia Police Department;
JOHN THOMPSON, Judge,
Clark County; and HENRY MORGAN,
Former Prosecutor, Clark County                                            DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Charles P. Harris (hereinafter Harris) filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 14, 2008.  He proceeds *pro se* and *in forma pauperis.*

Because I needed more information about his claims, I entered an order on May 21, 2008 (Doc. 6) directing Harris to complete, sign, and return an addendum to his complaint.  He filed the addendum or supplement on May 29, 2008 (Doc. 9).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

## Background

According to the allegations of the complaint and addendum, Harris was arrested by officers of the Arkadelphia Police Department on July 11, 2004, and charged with aggravated robbery, battery, and possession of a firearm by certain persons.  Harris was taken to the Clark County Detention Facility.  He remained incarcerated until April 28, 2005.

Harris alleges Detective Bethall slandered his name by telling a reporter with the Daily Siftings Herald, a newspaper in Arkadelphia, about the charges against him. The article published on July 14, 2004, in Volume 84, No. 130, reported that the victim of the crime had been found bleeding and was taken to the hospital for treatment. The article set forth the summary of the victim's report to the police as well as police efforts to locate Harris.

A search warrant was issued for Harris' apartment on July 12, 2004. The return indicates no items were seized at the residence. Despite this fact, Harris indicates the prosecutor went forward on the charges against him.

Harris was found not guilty after a trial by jury. On May 4, 2005, a judgment and disposition order was entered by Circuit Judge John Thomas reflecting the jury verdict.

As relief, Harris seeks monetary damages in the amount of $250,000 for emotional stress, slander, prejudice, lost wages, reckless disregard, and false imprisonment.

## Discussion

Harris' claims are subject to dismissal. First, in *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be

-2-

accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Harris does not deny that proper procedures were utilized to arrest him and charge him with the crimes or that proper procedures were utilized in bringing him to trial in Clark County on the criminal charges.  Rather, he merely claims he was innocent of the charges and was able to ultimately prevail at trial.  I conclude Harris has stated no claim that his rights under the Due Process Clause have been violated.

Second, the "Constitution does not mention malicious prosecution nor do[es Harris] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).  The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Third,  John Thompson,[1] identified by Harris as a Clark County Circuit Court Judge, is immune from suit.   *See Mireles v. Waco*, 502   U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").   *See also Duty v. City of Springdale,* 42   F.3d 460, 462 (8th Cir. 1994).   "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he

---

[1] It is not clear whether Harris actually meant to name Circuit Judge John Thomas as a Defendant.  Judge Thomas entered the Judgment and Disposition Order in the criminal case against Harris.  *See* (Doc. 9 at page 13).

took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Finally, Harris' complaint as against Henry Morgan is subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint and addendum, it is clear the Defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

## **Conclusion**

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous, assert claims against individuals immune from suit, or fail to state claims on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Harris has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Harris is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of July 2008.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE